# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

In Re:                                )
    **Gary Masucci**                 )        Case No. 15-50926 AMK
                                      )
                                      )        Chapter 13
    **Debtor**                       )
                                      )        Judge Alan M. Koschik

**Motion to Disgorge Fees and Cancel Fee Agreement**

    Now comes Daniel M. McDermott, United States Trustee for Region 9, and hereby requests this Court to enter an order requiring debtor's counsel to refund to Gary Masucci or the chapter 7 trustee in Mr. Masucci's chapter 7 bankruptcy proceeding, Case No. 14-52106 all fees paid to counsel related to this case pursuant to 11 U.S.C. Section 329.  The United States Trustee further requests that the Court void any provisions in any fee agreement requiring Gary Masucci to pay any additional fees in connection with this chapter 13 case.  The basis for this request is that counsel filed the instant bankruptcy proceeding while he had a pending chapter 7 case and when there was no valid reason for the chapter 13 filing.  As a result, the Debtor did not benefit from the fees paid.  In support, the United States Trustee states:

**Background Information**

    1.   Gary Masucci filed the instant chapter 13 voluntary petition on April 20, 2015. *Docket No. 1.*  Other than a mortgage, his bankruptcy schedules list only one creditor on *Schedule F*, Harold Corzin, chapter 7 trustee, with a claim arising from a transfer in the amount of $6,000.[1]  Attorney David Lash filed the chapter 13 petition on behalf of the Debtor.  The *Disclosure of Compensation of Attorney for Debtor* indicates Mr. Lash agreed to accept $3,000

---

[1] It is the understanding and belief of the United States Trustee that Mr. Corzin does not have a claim against the Debtor but rather has a claim against a third party as a result of this transfer.

from the Debtor and received $800 prior to filing the chapter 13 case. *Docket No. 1, p. 31*.

2. Prior to this bankruptcy case, the Debtor filed a chapter 7 bankruptcy proceeding. The chapter 7 bankruptcy, Case No. 14-52106, is still pending before this court and the Debtor has yet to obtain a discharge in such case. Assets are being administered in the chapter 7 bankruptcy filing. Mr. Lash also represents the Debtor in his chapter 7 bankruptcy filing.

3. On June 16, 2015, this Court entered an *Order Directing the Debtor to Appear and Show Cause Why this Chapter 13 Case Should not be Dismissed* ("Show Cause Order") as a result of the Debtor's pending chapter 7 case and invited the chapter 7 trustee, chapter 13 trustee and United States Trustee to file responses to such Show Cause Order. The United States Trustee has had discussions about the Debtor with both the chapter 13 and chapter 7 trustee and it is his understanding that the chapter 7 trustee intends to support the dismissal of the chapter 13 case. The United States Trustee plans to participate telephonically in the hearing on the Show Cause Order and support the chapter 7 trustee's position.

**Legal Standards**

4. Section 329(b) authorizes this Court to review compensation received by debtor's counsel. Rittenhouse v. Eisen, 404 F. 3d 395, 397 (6th Cir. 2005)[Section 329 requires the court to examine the reasonableness of fees], cert. denied, 126 S. Ct. 378, 163 L. Ed. 2d 165 (2005). Under this section, the Court may order fees returned to the entity who paid the fees if the compensation received by counsel "exceeds the reasonable value" of the services. One of the purposes of this section is to protect the debtor against attorneys who charge unreasonable fees. In re Kisseberth, 273 F. 3d 714, 721 (6th Cir. 2001); In re Pair, 77 B.R. 976, 980 (Bankr. N.D. Ga. 1987).

5. In matters involving challenges to attorney fees under 11 U.S.C. Section 329, the burden of proof rests with the attorney to establish that his fees are reasonable.  See, In re Geraci, 138 F. 3d 314, 318 (7th Cir. 1998).   In examining compensation, the Court may evaluate whether a debtor has received the quality of services for which he bargained.

6. "Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered." In re LaFrance, 311 B.R. 1, 25 (Bankr. D. Mass. 2004), cf., In re Koliba, 338 B.R. 48 (Bankr. N.D. Ohio 2006) (Disgorgement request denied where counsel acted in good faith).

### Counsel Should Refund Fees

7. In the case at bar, the bankruptcy petition should never have been filed.  At the time of its filing, the Debtor had a pending chapter 7 proceeding in which assets are being administered by the chapter 7 trustee.  The chapter 13 only lists one unsecured creditor, the chapter 7 trustee, who is not a creditor of the debtor.  Moreover, as the Debtor has yet to obtain a chapter 7 discharge, the unsecured creditors listed in his chapter 7 filing were creditors at the time he filed the chapter 13 petition that should have been scheduled.

8. There appears to be no benefit to the Debtor from the filing of the chapter 13 case. Yet the filing of the chapter 13 bankruptcy case has resulted in additional filing fees, attorney fees and the time and expense of the court, chapter 13 trustee, and the United States Trustee in administering this case.

9. Since there was no purpose or benefit served in the chapter 13 bankruptcy filing, counsel should be required to refund fees to the Debtor or the estate, whichever the court determines is warranted.

**Wherefore**, the United States Trustee requests that the Court enter an order directing counsel to refund all fees to the debtor or the chapter 7 trustee (whichever is deemed warranted by the Court), cancelling the fee agreement and deeming it void.

Respectfully submitted,

Daniel M. McDermott
United States Trustee
Region 9

*/s/ Amy L. Good*
Amy L. Good (#000055572)
Trial Attorney
Department of Justice
Office of the U. S. Trustee
201 Superior Avenue E, Ste. 441
Cleveland, Ohio 44114-2301
(216) 522-7800, Est. 236
(216) 522-7193 (facsimile)
Amy.l.good@ust.doj.gov

## CERTIFICATE OF SERVICE

I certify that on June 18, 2015, a true and correct copy of the Motion to Disgorge Fees was served:

Via the Court's ECF filing system upon those parties electing to receive notice as follows:

- David L Lash    davidlash@lashlaw.net
- Kenneth M Richards    krichards@lnlattorneys.com
- Keith Rucinski    efilings@ch13akron.com, krucinski@ecf.epiqsystems.com
- United States Trustee    (Registered address)@usdoj.gov

By regular U.S. Mail upon the following:

Gary Masucci
4620 Leewood Road
Stow, Ohio 44224

Harold Corzin (and by e-mail)
Chapter 7 trustee
304 N. Cleveland-Massilon Rd.
Commonwealth Square
Akron, Ohio 44333
hcorzin@csu-law.com

/s/ Amy L. Good
Amy L. Good (#0055572)
Trial Attorney
Department of Justice
Office of the U. S. Trustee
201 Superior Avenue E, Ste. 441
Cleveland, Ohio 44114-2301
(216) 522-7800, Est. 236
(216) 522-7193 (facsimile)
Amy.l.good@ust.doj.gov